UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KENNETH L. DIXON                              CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF
ENVIRONMENTAL QUALITY AND
GREGORY BUXTON                                NO. 05-1303-C

## RULING ON MOTION TO AWARD ATTORNEY'S FEES

This matter is before the court on a Motion to Award Attorney's Fees and Costs (Doc. no.77) filed by defendants, Louisiana Department of Environmental Quality and Gregory Buxton. Plaintiff, Kenneth L. Dixon, has not filed opposition. There is no need for oral argument.

This case involves claims of same sex sexual harassment, retaliation, and assault and battery. In his suit, plaintiff alleged that during his employment at the Louisiana Department of Environmental Quality ("LDEQ") he was subjected to sexual harassment from his immediate supervisor, Gregory Buxton.[1] Plaintiff further alleged that after he reported the alleged harassment to an assistant secretary of LDEQ, he was subjected to retaliatory actions in the form of derogatory

---

[1] Petition for Damages, Rec. Doc. No. 1, ¶¶ 6-10.

Doc#1812

remarks about his work performance, denial of an anticipated promotion, and a forced resignation for falsification of payroll documents.[2]

A trial on this matter was held on March 12 and 13, 2008. After the plaintiff presented his evidence, the defendant moved for a Rule 50 judgment as a matter of law. After allowing the defendants to present their evidence and hearing arguments on the Rule 50 motion, the court granted the motion in favor of the defendants, dismissing plaintiff's case.

Now, defendants move for attorney's fees and costs based on statutes which provide for such awards to prevailing parties in actions brought under Title VII, Section 1981, Section 1983 and the Louisiana Employment Discrimination Law. Defendants maintain that plaintiff's claims were unfounded and frivolous and were interposed for no other purpose than to harass or embarrass defendants. Defendants contend that plaintiff's allegations regarding harassment and retaliation were not supported by any competent evidence whatsoever, that there was no offer to settle, and plaintiff's claims were dismissed without a full-blown trial.

Title VII, 42 U.S.C. 2000e-5(k) provides that: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party,... a reasonable attorney's fee (including expert fees) as part of the costs,...." For claims asserted under Sections 1981 and 1983, 42 U.S.C. 1988(b) states that: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983,

---

[2] Petition for Damages, Rec. Doc. No. 1, ¶-¶ 11-18, 20.

and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Finally, Louisiana's anti-discrimination law provides, in LSA-R.S. 23:303.B, that:

> A plaintiff found by a court to have brought a frivolous claim under this Chapter shall be held liable to the defendant for reasonable damages incurred as a result of the claim, reasonable attorney fees, and court costs.

A prevailing plaintiff is awarded attorney's fees in an employment discrimination action in all but special circumstances. However, the Supreme Court has set a more rigorous standard for awarding attorney's fees to prevailing defendants.[3] Under Title VII and Section 1988(b), the court uses the same standards to determine whether or not a prevailing defendant should be awarded attorney's fees and costs.[4] By statute, Louisiana's anti-discrimination law also provides for an award of reasonable attorney's fees and costs based on a finding by the court that the plaintiff has brought a frivolous claim. Therefore, the **Christiansburg/Hughes** standard is also used in applying the state statute.[5]

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or

---

[3] **Christiansburg Garmet Co. v. E.E.O.C.,** 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

[4] **Christiansburg,** 434 U.S. at 421; **Hughes v. Rowe,** 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980).

[5] See, **Millon v. Johnston,** 1999 WL 358968 (E.D. La. 1999).

without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.[6]

The **Christiansburg/Hughes** standard is intended to insure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of becoming liable for onerous legal fees if their claims fail.[7] Under the standard, a defendant may recover attorney's fees from the plaintiff only upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though it was not brought in subjective bad faith. The action must be meritless in the sense that it is groundless or without foundation. The fact that the plaintiff in the end lost the case is not in itself a sufficient justification for imposing fees and costs.[8] To determine whether or not the case was frivolous, unreasonable or without foundation, the court should ask whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful. Factors which the court examines in making this determination are: (1) whether the plaintiff established a prima facie case; (2) whether the defendants offered to settle the case, and (3) whether the case was dismissed or a full blown trial was held.[9]

---

[6] **Christiansburg**, 434 U.S. at 421-422, 98 S.Ct. at 700.

[7] **Myers v. City of West Monroe**, 211 F.3d 289, 292 n. 1 (5th Cir. 2000)

[8] *Id.*

[9] **Myers**, 211 F.3d at 292.

In this case, the Court notes at the outset that defendants filed an untimely motion for summary judgment which was not considered by this court. Thus, the defendants did not take advantage of an opportunity to challenge plaintiff's claims on summary judgment prior to trial and, as a result, a full-blown trial of plaintiff's claims was necessary. That fact notwithstanding, however, and after considering the **Christiansburg/Hughes** factors, the court finds that plaintiff's claims, although insufficient to survive a Rule 50 motion, were not frivolous, unreasonable, or without foundation. Although plaintiff failed to introduce sufficient evidence to establish any of his claims at trial, plaintiff's case did not lack arguable merit. Plaintiff simply offered evidence of arguably offensive conduct which did not rise to the level of harassment. Therefore, the court does not find merit in defendants' motion. Accordingly,

IT IS ORDERED that defendants' Motion to Award Attorney's Fees and Costs is DENIED.

Baton Rouge, Louisiana, this 27th day of December, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA